THE STATE, EX REL. ALLIED CHEMICAL CORP., PLASTICS DIVISION, APPELLANT, *v.* EARHART, JUDGE; GREEN, APPELLEE.

[Cite as State, ex rel. Allied Chemical Corp., v. Earhart (1974), 37 Ohio St. 2d 153.]

(No. 73-771—Decided March 20, 1974.)

*Messrs. Wright, Harlor, Morris & Arnold, Mr. Harry Wright, III, Mr. George M. Hauswirth* and *Messrs. Edwards, Klein & Allen*, for appellant.

*Mr. Lloyd E. Moore*, prosecuting attorney, for appellee,

*Per Curiam.* The question before the court is whether the issuance of a writ of prohibition is proper in this case. *State, ex rel. Northern Ohio Telephone Co.,* v. *Winter* (1970), 23 Ohio St. 2d 6, 8, 260 N. E. 2d 827, sets forth three conditions prerequisite to issuance of a writ of prohibition, as follows:

"* * * (1) The court or officer against whom it is sought must be about to exercise judicial or quasi-judicial power; (2) it must appear that the refusal of the writ would result in injury for which there is no adequate remedy; (3) the exercise of such power must amount to an unauthorized usurpation of judicial power."

In overruling Allied Chemical's motion to dismiss the complaint, respondent stated:

"In my opinion no cause of action arises for wrongful death where the decedent dies within three years of the alleged occupational injury and the remedy of a death claim with the Industrial Commission is the exclusive remedy. Where, as here, the complaint alleges a death from an occupational injury which occurs more than three years after the injury, it is my opinion that the personal representative may bring an action for wrongful death under Secton 2125.01 R. C. *et seq.*"

It thus appears that respondent had decided to exercise judicial power by assuming jurisdiction in the wrongful death action. This satisfies the first requirement of *Northern Ohio Telephone Co., supra.*

The third condition of *Northern Ohio Telephone Co.* requires that respondent's assumption of jurisdiction amount to "an unauthorized usurpation of judicial power." If it be true that the Industrial Commission is the only body empowered by law to provide redress for the work-related death of a person employed by a "complying" employer under R. C. Chapter 4123, then respondent was without power to hear the instant wrongful death action.

This court, in *State, ex rel. Engle,* v. *Indus. Comm.* (1944), 142 Ohio St. 425, 431, 52 N. E. 2d 743, stated: "* * * [after the 1923 amendment to Section 35, Ar-

ticle II of the Ohio Constitution], regardless of how the injury occurred, the rights of the workman (or in case of death his legal representative) were determined by the Industrial Commission under the compensation act. Thereafter the courts were without jurisdiction to entertain an action for damages for death, personal injury or occupational disease * * * against his complying employer." See, also, *Greenwalt* v. *Goodyear Tire & Rubber Co.* (1955), 164 Ohio St. 1, 6, 128 N. E. 2d 116. That conclusion is further supported by the existence of R. C. 4123.59 and 4123.74. We, therefore, conclude that respondent was about to exercise judicial power which he did not possess.

Finally, *Northern Ohio Telephone Co.* requires that "refusal of the writ will result in injury for which there is no adequate remedy." Although we have generally held that prohibition may not be used as a substitute for appeal, a recognized exception to this rule is found in *State, ex rel. Adams*, v. *Gusweiler* (1972), 30 Ohio St. 2d 326, 329, 285 N. E. 2d 22, as follows:

"If an inferior court is without jurisdiction whatsoever to act, the availability or adequacy of a remedy of appeal to prevent the resulting injustice is immaterial to the exercise of supervisory jurisdiction by a superior court to prevent usurpation of jurisdiction by an inferior court." The instant case falls within that exception.

Based upon the foregoing, we determine that the Court of Appeals erred in dismissing relator's complaint for a writ of prohibition. The judgment of the Court of Appeals is, therefore, reversed, and the writ prayed for is allowed.

*Judgment reversed.*

O'Neill, C. J., Herbert, Corrigan, Stern, Celebrezze, W. Brown and P. Brown, JJ., concur.