THE STATE, EX REL. DAYTON POWER & LIGHT COMPANY, *v.*
RILEY, JUDGE, ET AL.

[Cite as State, ex rel. Dayton Power & Light Co., v. Riley
(1978), 53 Ohio St. 2d 168.]

(No. 77-914—Decided March 15, 1978.)

*Messrs. Pickrel, Schaeffer & Ebeling, Mr. Gordon H.
Savage, Mr. Frank M. Root, Mr. J. R. Newlin* and *Mr. S.
F. Koziar,* for relator.

*Judge Paul E. Riley, pro se.*

*Messrs. Buckley & Miller, Mr. Frederick J. Buckley*
and *Mr. Daniel J. Buckley,* for intervening respondent.

*Per Curiam.* The issue before this court is the availability of the writ of prohibition. To determine this, it is necessary to state some of the allegations raised in the cause in the trial court which relator would prohibit.

The litigation which relator would have prohibited commenced on May 20, 1977, when Irwin filed suit in the Court of Common Pleas of Clinton County on behalf of itself and others similarly situated.

Irwin alleged that during the winter of 1976-77, nondomestic natural gas customers of Dayton Power & Light Company were faced with rapidly diminishing allowable usages. The company offered these customers an opportunity to store liquid propane gas under its "Propane Gas Program," and, allegedly, over 900 such customers entered into agreements which were approved by the Public Utilities Commission ("commission"). Under these agreements, the company agreed to store the customer's propane, vaporize it, and make it available to the customer by "displacement" through the company's facilities. The customer agreed to procure liquid propane and cause it to be delivered to the company and to pay the company specified vaporization and storage charges.

Basically, the complaint of Irwin was that the company breached the contracts in that it allegedly converted the propane to its own use and was unjustly enriched.

The company filed a motion to dismiss in the trial court alleging that such court did not have subject-matter jurisdiction because it was vested exclusively in the commission. Judge Riley denied the company's motion and, also, determined that Irwin had properly delineated a class to which relief could be granted should the allegations of the complaint be supported.

If a court has jurisdiction of the subject-matter involved in litigation, a writ of prohibition will not issue to prohibit it from exercising such jurisdiction. Issuance of this writ is dependent upon the issue of whether it appears that the court in which an action is sought to be prohibited has no jurisdiction of the matter under adjudication. *State, ex rel. Carmody,* v. *Justice* (1926), 114 Ohio St. 94.

This court has stated that the courts of this state are available to supplicants who have claims sounding in contract against a corporation coming under the authority of the Public Utilities Commission. *New Bremen* v. *Pub. Util. Comm.* (1921), 103 Ohio St. 23; *Southgate Development Corp.* v. *Columbia Gas Transmission Corp.* (1976), 48 Ohio St. 2d 211. As stated in *New Bremen, supra,* at

page 30, "[t]he public utilities commission is in no sense a court. It has no power to judicially ascertain and determine legal rights and liabilities, or adjudicate controversies between parties as to contract rights or property rights."

The intervening respondent has alleged a breach of contract and the respondent judge has thus far determined that there may be a class offended by the company's action.

Due to the extraordinary nature of the relief requested, the existence of an adequate legal remedy by the regular appellate process, and the fact that it has not been shown, at this point, that the respondent judge has no jurisdiction of the subject-matter of the cause which relator seeks to prohibit, the motions for judgment on the pleadings are sustained, and the writ is denied.

*Writ denied.*

O'NEILL, C. J., HERBERT, CELEBREZZE, W. BROWN, P. BROWN, SWEENEY and LOCHER, JJ., concur.