THE STATE, EX REL. CELESTE, GOVERNOR, ET AL., *v.*
SMITH, JUDGE, ET AL.

[Cite as State, ex rel. Celeste, *v.* Smith (1985), 17 Ohio St. 3d 163.]

(No. 85-589—Decided May 8, 1985.)

*Anthony J. Celebrezze, Jr.,* attorney general, *Joel S. Taylor, Kathleen McManus, Connie J. Harris, Porter, Wright, Morris & Arthur, James E. Pohlman, Robert W. Trafford, Daniel W. Costello* and *Kathleen M. O'Malley,* for relators.

*S. Michael Miller,* prosecuting attorney, *William B. Shimp* and *Joan G. Robinson,* for respondent.

*Vorys, Sater, Seymour & Pease* and *John C. Elam,* for intervening respondent.

*Manley, Jordan & Fischer, Timothy A. Fischer* and *Andrew S. Lipton,* urging allowance of the writ for *amicus curiae,* Home State Depositors Association.

*Per Curiam.* Relators argue, in support of the allowance of the writ of prohibition, that R.C. Chapter 1157, made applicable to ODGF by Sub. S. B. No. 113, sets forth the exclusive and mandatory procedure to be followed in conservatorship and/or liquidation proceedings and that any attempt by respondent to circumvent the statutorily mandated proceedings amounts to a usurpation of judicial power. If established, such a claim is grounds for the allowance of a writ of prohibition. *State, ex rel. Maynard,* v. *Whitfield* (1984), 12 Ohio St. 3d 49; *State, ex rel. Republic Steel Corp.,* v. *Ohio Civil Rights Comm.* (1975), 44 Ohio St. 2d 178 [73 O.O.2d 478].

R.C. 1157.01(A) provides that "[t]he superintendent of building and loan associations may appoint a conservator for any savings and loan association whenever he deems it necessary in order to conserve the assets of such association for depositors, members, and creditors. * * *" The powers of a conservator so appointed are further defined in R.C. 1157.01(B).

R.C. 1157.01(D) provides:

"Within thirty days after appointment of a conservator, the association may bring an action in the court of common pleas of Franklin county, for an order that the superintendent remove the conservator. Immediately upon filing such action, summons shall be issued to the sheriff of Franklin county to be served on the superintendent, returnable within five days from its date, which in all other respects such summons shall be made as in civil actions, whereupon the allegations of the petition shall be deemed to stand denied without pleading and the cause shall be advanced and heard without delay."

R.C. 1157.01(E) goes on to state:

"The superintendent may terminate the conservatorship and permit the association to resume the transaction of its business, subject to such terms and restrictions as he prescribes, when the superintendent determines that the termination of such conservatorship may be safely done and would be in the public interest. The superintendent may terminate the conservatorship and take possession on any of the grounds provided in section 1157.02 of the Revised Code."

R.C. 1157.02 provides that "[i]f upon examination the superintendent

of building and loan associations finds that the affairs of a domestic building and loan association are in an unsound or unsafe condition, that it is conducting its business in whole or in substantial part contrary to law, that it is failing to comply with the law, or that its affairs are not being conducted for the best interests of its depositors, shareholders, or creditors, he may forthwith take possession of the business and property of such building and loan association. * * *'' R.C. 1157.02 further sets forth the notice and filing requirements of such liquidation proceedings. It provides that the action shall be filed in the ''* * * court of common pleas of the county in which the principal office of such association is located * * *.''

Relators argue that under this statutory framework, commencement of liquidation proceedings under R.C. 1157.02 automatically terminates a prior conservatorship imposed pursuant to R.C. 1157.01(A), and consequently moots any action commenced under R.C. 1157.01(D). We agree. R.C. 1157.01(E) specifically provides that ''[t]he superintendent may *terminate the conservatorship and take possession* on any of the grounds provided in section 1157.02 of the Revised Code.'' (Emphasis added.) Thus, once liquidation proceedings have been instituted, the conservatorship is terminated.

Moreover, as we construe the proceeding authorized by R.C. 1157.01(D) to terminate a conservatorship, it contemplates a situation whereby the affected association can have the opportunity to show that it has improved its position and the conditions which led to the appointment of a conservator no longer exist. If the facts are such that the association's condition is worse or appears to be uncorrectible and the superintendent commences liquidation proceedings under R.C. 1157.02, then the proceeding authorized by R.C. 1157.01(D) is no longer necessary. The conservatorship having been terminated, its propriety is no longer an issue and the only issues remaining are those which relate to the liquidation proceedings.[1]

Accordingly, we hold that the temporary restraining order issued by respondent, having the effect of precluding relators from pursuing the exclusive statutorily prescribed remedies in R.C. 1157.02 *et seq.* became on and after April 12, 1985 a usurpation of judicial power and for this reason we conclude that relators are entitled to the issuance of the writ requested.

---

[1] Nothing in this opinion should be construed to indicate that a common pleas court does not have jurisdiction in an action against the Superintendent of Savings and Loan Associations and other state officials to test the constitutionality of legislation pursuant to which the officials propose to act. There is ample support for the proposition that a preliminary injunction may be granted where the constitutionality of a legislative act is challenged in order to temporarily restrain the enforcement of the act until its validity may be adjudicated. See *Ex Parte Young* (1908), 209 U.S. 123; *Pennhurst State School & Hospital* v. *Halderman* (1984), ___ U.S. ___, 79 L. Ed. 2d 67.

By our decision today, we do not purport to address any of the constitutional claims asserted by ODGF nor to preclude ODGF from asserting any of its claimed defenses. ODGF has become a party to the proceedings in Hamilton County and may assert any objections or constitutional claims in that proceeding.

Accordingly, the writ prayed for is allowed.

*Writ allowed.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN, DOUGLAS and WRIGHT, JJ., concur.