The STATE ex rel. CITY OF NORTHWOOD, Relator,

v.

COURT OF COMMON PLEAS OF WOOD COUNTY et al., Respondents.

[Cite as *State ex rel. Northwood v. Wood Cty. Court of Common Pleas* (1996), 109 Ohio App.3d 487.]

Court of Appeals of Ohio,
Sixth District, Wood County.

No. WD–95–117.

Decided Feb. 20, 1996.

488

*Brian J. Ballenger* and *John F. Birath,* for relator.

*Alan R. Mayberry,* Wood County Prosecuting Attorney, and *Raymond C. Fischer,* Assistant Prosecuting Attorney, for respondent.

*Orla E. Collier* and *Daniel T. Spitler,* for intervenor.

---

SHERCK, Judge.

Relator, the city of Northwood, petitions this court for a writ of prohibition to prevent the Wood County Court of Common Pleas, respondent, from exercising jurisdiction over an action for declaratory judgment filed by the Wood County Regional Water and Sewer District. Respondent filed an answer and a motion to dismiss. The district has filed a motion to intervene accompanied by an answer and a motion to dismiss. Relator has filed a response in opposition to these motions; the district has filed a motion for leave to file *instanter* a reply to relator's response.

We will first address the district's motion to intervene. Civ.R. 24(A)(2) states:

"Upon timely application anyone shall be permitted to intervene in an action: * * * (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."

Relator argues, relying upon *State ex rel. Cleveland Trust Co. v. Cuyahoga Cty. Probate Court* (1959), 113 Ohio App. 1, 17 O.O.2d 1, 162 N.E.2d 574, that a "third party may not intervene in an action of prohibition to restrain a judge or tribunal from participating in proceedings over which it lacks jurisdiction." While we agree that the case does stand for this proposition, we choose to follow the modern approach taken by Ohio courts which say that Civ.R. 24(A)(2) should be liberally construed to permit intervention. *State ex rel. LTV Steel Co. v. Gwin* (1992), 64 Ohio St.3d 245, 247, 594 N.E.2d 616, 618–19; *Ohio Dept. of Adm. Serv., Office of Collective Bargaining v. State Emp. Relations Bd.* (1990), 54 Ohio St.3d 48, 51, 562 N.E.2d 125, 128–29; *Blackburn v. Hamoudi* (1986), 29 Ohio App.3d 350, 29 OBR 479, 505 N.E.2d 1010. See, also, *e.g., State ex rel. Taft v. Franklin Cty. Court of Common Pleas* (1992), 63 Ohio St.3d 190, 586 N.E.2d 114; *State ex rel. Albright v. Delaware Cty. Court of Common Pleas* (1990), 54 Ohio St.3d 705, 561 N.E.2d 941; *State ex rel. Celeste v. Smith* (1985), 17 Ohio St.3d 163, 17 OBR 364, 478 N.E.2d 763; *State ex rel. Henry v. Britt* (1981), 67 Ohio St.2d 71, 21 O.O.3d 45, 424 N.E.2d 297; *State ex rel. B.F. Goodrich v. Griffin* (1979), 59 Ohio St.2d 59, 13 O.O.3d 55, 391 N.E.2d 1018; *State ex rel. Dayton Power & Light Co.*

*v. Riley* (1978), 53 Ohio St.2d 168, 7 O.O.3d 317, 373 N.E.2d 385; *State ex rel. Allied Chem. Corp. v. Earhart* (1974), 37 Ohio St.2d 153, 66 O.O.2d 313, 310 N.E.2d 230; *State ex rel. TRW, Inc. v. Jaffe* (1992), 78 Ohio App.3d 411, 604 N.E.2d 1376.

Therefore, upon due consideration, we conclude that the district has demonstrated sufficient interest in the proceedings to meet the criteria of Civ.R. 24. Accordingly, we grant the district's motions to intervene and for leave to file a reply.

We now will address relator's complaint for writ of prohibition. For a writ of prohibition to issue, a relator must establish "(1) that the court or officer against whom the writ is sought is about to exercise judicial or quasi-judicial power, (2) that the exercise of that power is unauthorized by law, and (3) that denying the writ will result in injury for which no other adequate remedy exists in the ordinary course of law." *Ruessman v. Flanagan* (1992), 65 Ohio St.3d 464, 465, 605 N.E.2d 31, 33.

In this case, relator has established that the Wood County Court of Common Pleas is about to exercise judicial power over relator by permitting the underlying case to proceed. Therefore, we must direct our analysis to whether the exercise of that power is unauthorized by law and whether relator otherwise has an adequate legal remedy at law.

A court of common pleas, as a court of general jurisdiction, has the authority to determine its own jurisdiction over both the person and subject matter of an action. *Ruessman, supra.* Generally, a party challenging a court's jurisdiction possesses a remedy at law by means of a direct appeal of the court's decision. *Id.* However, a writ of prohibition is appropriate where the court's lack of jurisdiction is "patent and unambiguous." *Id.* Nevertheless, absent such patent ambiguity, a writ of prohibition will not be granted to a party challenging a court's general jurisdiction. *Goldstein v. Christiansen* (1994), 70 Ohio St.3d 232, 235, 638 N.E.2d 541, 543–544, citing *State ex rel. Bradford v. Trumbull Cty. Court* (1992), 64 Ohio St.3d 502, 597 N.E.2d 116.

In the present case, the district's underlying declaratory action seeks to establish whether one political subdivision has the statutory authority (under proceedings authorized by R.C. Chapter 163) or constitutional authority (under Section 19, Article I of the Ohio Constitution) to appropriate nonprivate property owned by another political subdivision. An action for declaratory judgment is a remedy in addition to other legal and equitable remedies and may be granted "'where the court finds that speedy relief is necessary to the preservation of rights which might otherwise be impaired.'" *State ex rel. Taft, supra,* 63 Ohio St.3d at 193, 586 N.E.2d at 117, quoting *Arbor Health Care Co. v. Jackson* (1987),

39 Ohio App.3d 183, 530 N.E.2d 928, at paragraph two of the syllabus. Declaratory judgment actions are not permitted when they would bypass rather than supplement a legislative scheme to provide for an adjudicatory hearing in special statutory proceedings. *Id.*

Relator argues that the district's action would bypass the special statutory proceeding provided by the eminent domain statutes. Relator further contends that the declaratory judgment action would allow the district to discover information which is protected under the R.C. Chapter 163 scheme. We conclude that relator's contentions are without merit for the following reasons.

First, appropriation cases where the court determined that it had no jurisdiction to render a declaratory judgment were brought *after* the parties had already filed and begun appropriation proceedings. See *State ex rel. Smith v. Frost* (1995), 74 Ohio St.3d 107, 656 N.E.2d 673; *State ex rel. Albright v. Delaware Cty. Court of Common Pleas* (1991), 60 Ohio St.3d 40, 572 N.E.2d 1387. Under the facts of those cases, the parties filing the declaratory judgment actions were found to have attempted to bypass the ongoing appropriation proceedings. *Id.* Conversely, we conclude that these cases would be inapplicable to an appropriation proceeding which has not yet been instituted, and a court of common pleas would have jurisdiction over any issues which might supplement any anticipated proceedings pursuant to R.C. Chapter 163.

In this case, the district's action to declare the rights of the parties under R.C. Chapter 163 was filed prior to the filing of relator's application for annexation. We conclude, therefore, that since no appropriation proceedings existed at the time of the filing of the district's declaratory judgment action, the trial court possessed jurisdiction to address the issues submitted in the district's action.

Second, the principal issue presented by the district's action is essentially whether or not relator can even institute an appropriation proceeding against another political subdivision pursuant to R.C. Chapter 163. It is undisputed that both parties are political subdivisions of the state; therefore, the issue of the applicability of R.C. Chapter 163 to the parties in this case is essentially a question of law. As for relator's concerns as to discovery information, we see no reason why discovery could not be limited by the trial court to information relevant only to the issues before it. In our view, under the facts of this case, a declaratory judgment action would be the most expedient route to initially determine the rights of the parties and would, therefore, supplement rather than completely bypass the legislative scheme involved. If the trial court determines that R.C. Chapter 163 applies, the appropriation proceeding may commence. If R.C. Chapter 163 does not apply, then the trial court may also make any other appropriate determinations.

Upon due consideration, we cannot say that the trial court patently and unambiguously lacks jurisdiction over the subject matter and parties presented in this case. In addition, relator has not demonstrated any potential for error which could not be corrected on appeal. Therefore, relator has failed to meet the criteria necessary for the granting of a writ of prohibition.

Accordingly, respondent's and the district's motions to dismiss are granted. Court costs of this action are assessed to relator.

*Writ denied.*

HANDWORK and GLASSER, JJ., concur.