FRIENDS OF FERGUSON et al., Appellants,

v.

OHIO ELECTIONS COMMISSION, Appellee.

[Cite as *Friends of Ferguson v. Ohio Elections Comm.* (1997), 117 Ohio App.3d 332.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 96APE06–736.

Decided Jan. 14, 1997.

*McTigue & Brooks* and *Donald J. McTigue,* for appellants.

*Betty D. Montgomery,* Attorney General, *David A. Oppenheimer* and *Diane R. Richards,* Assistant Attorneys General, for appellee.

REILLY, Judge.

Plaintiffs-appellants, Friends of Ferguson and Thomas E. Ferguson, appeal from a judgment of the Franklin County Court of Common Pleas granting the motion for judgment on the pleadings of defendant-appellee, Ohio Elections Commission ("OEC"), and dismissing the case. Appellants assert the following assignment of error:

"The trial court erred in granting appellee's motion for judgment on the pleadings."

Appellants filed a complaint in the court of common pleas seeking declaratory and injunctive relief. The complaint set forth four claims and concerned appellants' effort to use campaign funds to pay legal fees appellant former Auditor of State Thomas E. Ferguson had incurred and anticipated incurring in connection with defending two separate sets of criminal charges regarding actions Ferguson took in his elected capacity of Auditor of State.

The first claim concerned an indictment against Ferguson on a single charge alleging a violation of R.C. 2905.12. The charge was ultimately dismissed before

trial. Appellant Friends of Ferguson used campaign funds to pay the legal fees incurred defending the charge. The Secretary of State filed a referral with appellee, OEC, on the basis that the expenditure violated R.C. 3517.13(O), which identifies permissible uses of campaign funds. Appellants sought a preliminary injunction enjoining appellee from proceeding on the referral and a declaratory judgment that appellants had not violated R.C. 3517.13(O). Appellants acknowledge that this claim is moot, since the OEC has ruled in appellants' favor on the case.

The second claim concerned charges that appellant Ferguson had violated statutes regarding the solicitation of campaign contributions. Appellants sought a declaratory judgment that campaign funds could be used to pay for Ferguson's legal services and related expenses incurred in the defense of these charges.

The third and fourth claims asserted constitutional claims in the event that R.C. 3517.13(O) is interpreted as prohibiting payment of legal fees and expenses from a campaign fund for services in connection with bringing and defending charges, and sought a declaration that as applied, R.C. 3517.13(O) violated appellants' constitutional rights.

Appellee moved for judgment on the pleadings pursuant to Civ.R. 12(C). In support of its motion, appellee argued that the common pleas court lacked jurisdiction over the complaint. Alternatively, appellee urged the court to exercise its discretion and dismiss the complaint for declaratory and injunctive relief.

A hearing on the motion was held on April 25, 1996. The court concluded that *State ex rel. Taft v. Franklin Cty. Court of Common Pleas* (1992), 63 Ohio St.3d 190, 586 N.E.2d 114, did not apply to the present situation. The court stated:

"And this court feels that this matter can be concluded successfully and legally before the elections commission and speedily before the elections commission, and probably much more speedily than it can be conducted before this court, which is about to go back into a criminal matter here again this morning.

"And for all three of the reasons cited in the brief filed by the Attorney General, the court does dismiss this action."

The judgment entry granting appellee's motion for judgment on the pleadings and dismissing the case was filed on May 6, 1996.

 A motion for judgment on the pleadings, pursuant to Civ.R. 12(C), presents only questions of law and may be granted when there are no material issues of fact and the movant is entitled to judgment as a matter of law. *State ex rel. Pirman v. Money* (1994), 69 Ohio St.3d 591, 592–593, 635 N.E.2d 26, 28–29; *Burnside v. Leimbach* (1991), 71 Ohio App.3d 399, 403, 594 N.E.2d 60, 62. A

motion on the pleadings is determined solely on the allegations of the pleadings with all material allegations construed in favor of the nonmoving party. *Pirman,* 69 Ohio St.3d at 593, 635 N.E.2d at 29; *Burnside,* 71 Ohio App.3d at 402, 594 N.E.2d at 61–62.

In support of their assignment of error, appellants rely on *Taft, supra.* At issue in *Taft* was whether the common pleas court had jurisdiction to entertain a declaratory judgment action concerning election matters. The court held that the OEC did not have special statutory jurisdiction over election matters and that the common pleas court had jurisdiction to hear a declaratory judgment action involving election matters. Appellant argues that the present case is squarely on point with *Taft* and that the common pleas court had jurisdiction to hear appellants' declaratory judgment action.

The determinative issue in this appeal is not necessarily whether the common pleas court had jurisdiction to consider the declaratory judgment action. Even if the statutory changes to the operation of OEC subsequent to *Taft* do not affect *Taft*'s holding that the adjudication proceedings of the OEC are not exclusive statutory proceedings that deprive a common pleas court of jurisdiction to hear a declaratory judgment action, the common pleas court could dismiss the declaratory judgment action—not because it lacked jurisdiction, but because it determined that appellants had not established the need for declaratory relief.

Civ.R. 57 addresses declaratory judgments and states:

"The procedure for obtaining a declaratory judgment pursuant to Sections 2721.01 to 2721.15, inclusive, of the Revised Code, shall be in accordance with these rules. The existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate."

To obtain a declaratory judgment as an alternative to other remedies, three elements must be established: "(1) that a real controversy between adverse parties exists; (2) which is justiciable in character; (3) and that speedy relief is necessary to the preservation of rights which may be otherwise impaired or lost." *Fairview Gen. Hosp. v. Fletcher* (1992), 63 Ohio St.3d 146, 148–149, 586 N.E.2d 80, 82. The granting of declaratory relief is a matter of judicial discretion and will not be reversed absent an abuse of discretion. *Bilyeu v. Motorists Mut. Ins. Co.* (1973), 36 Ohio St.2d 35, 303 N.E.2d 871, syllabus; *AEI Group, Inc. v. Ohio Dept. of Commerce* (1990), 67 Ohio App.3d 546, 549, 587 N.E.2d 889, 890–891.

Generally, courts will not entertain proceedings for declaratory relief when "another 'equally serviceable' remedy has been provided for the character of the case at hand." *Swander Ditch Landowners' Assn. v. Joint Bd. of Huron & Seneca Cty. Commrs.* (1990), 51 Ohio St.3d 131, 135, 554 N.E.2d 1324, 1328. See, also, *Schaefer v. First Natl. Bank of Findlay* (1938), 134 Ohio St. 511, 518,

13 O.O. 129, 132, 18 N.E.2d 263, 267 ("[I]n the exercise of its discretion, the court may refuse a declaratory judgment when it deems that rights may be fully protected through other available remedies").

R.C. 3517.153(D) authorizes the OEC to render advisory opinions concerning various Revised Code sections including R.C. 3517.13. When the commission renders an advisory opinion finding no violation of a provision, "the person to whom the opinion is directed or a person who is similarly situated may reasonably rely on the opinion and is immune from criminal prosecution and a civil action, including, without limitation, a civil action for removal from public office or employment, based on facts and circumstances covered by the opinion." R.C. 3517.153(D).

In the present case, appellants could have sought an advisory opinion from appellee regarding the propriety under R.C. 3517.13(O) of using campaign funds to pay for legal services defending accusations that Ferguson had violated statutes regarding the solicitation of campaign contributions. Accordingly, an equally serviceable remedy was available.

Appellants' constitutional claims are so contingent that they fail to constitute a real controversy which is justiciable. *Bilyeu, supra.*

The trial court did not abuse its discretion when it dismissed appellants' declaratory judgment action. Appellants' assignment of error is overruled.

*Judgment affirmed.*

DESHLER and CLOSE, JJ., concur.

ARCHER E. REILLY, J., retired, of the Tenth Appellate District, was assigned to active duty under the authority of Section 6(C), Article IV, Ohio Constitution.