DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
William A. Augustine appeals the order of the Common Pleas Court of Medina County denying his motion for a declaratory judgment and for modification of his sentence. We affirm the judgment of the trial court because Augustine did not file his motion in a timely manner pursuant to R.C. 2953.23.
In 1992, Augustine was convicted of aggravated robbery, theft, and complicity to commit aggravated robbery. He was sentenced to two consecutive terms of ten to twenty-five years in prison. On appeal, this court affirmed. State v. Augustine
(Dec. 9, 1992), Medina App. No. 2096-M, unreported.
Augustine moved for a new trial, and the trial court denied the motion. This court affirmed the denial of the motion. Statev. Augustine (May 19, 1993), Medina App. No. 2170, unreported.
On October 17, 1997, Augustine moved for a "declaratory judgment" and for modification of his sentence pursuant to sentencing guidelines enacted as part of Am.Sub.S.B. No. 2, as amended by Am.Sub.S.B. 269 ("S.B. 2"). The trial court denied his motion, finding that S.B. 2 is not to be applied retroactively.
Augustine has appealed pro se, asserting a single assignment of error:
 The trial court erred in denying defendant-appellant's motion to advise and sentence the defendant according to the law in effect on July 1, 1996.
S.B. 2 amended numerous sentencing provisions of the Ohio Revised Code with respect to offenses committed after July 1, 1996. State v. McGee (July 2, 1997), Lorain App. No. 96CA006507, unreported, at 9-10. Ohio courts have repeatedly held that S.B. 2 is not unconstitutional as applied to persons who committed offenses prior to July 1, 1996. State ex rel. Lemmon v. OhioAdult Parole Auth. (1997), 78 Ohio St.3d 186, 188; State v. Shelly
(Feb. 18, 1998), Medina App. No. 2676, unreported.
Augustine argued in his motion to the trial court that the sentencing provisions of S.B. 2 should be declared to apply to him pursuant to the due process and equal protection provisions of the Fifth and Fourteenth Amendments to the United States Constitution and pursuant to the prohibition against cruel and unusual punishment set forth in the Eighth Amendment of the United States Constitution. He claimed that S.B. 2 had made him part of a "Second (Suspect) Class," deprived him of fundamental rights, and subjected him to the burdens of retrospective rules while denying him the benefits of more favorable sentencing. He claimed further that S.B. 2 is an ex post facto law as prohibited by Article I, Section 10 of the United States Constitution and Article II, Section 28 of the Ohio Constitution.
Augustine styled his motion as one for declaratory judgment. However, "[w]here a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21." State v. Reynolds (1997),79 Ohio St.3d 158, syllabus. An action styled as a declaratory judgment is impermissible when it bypasses a legislative scheme that provides special statutory proceedings. State ex rel.Northwood v. Wood Cty. Court of Common Pleas (1996), 109 Ohio App.3d 487,491. A criminal defendant may not circumvent the requirements of the special statutory postconviction proceedings set forth in R.C. 2953.21 by captioning his motion as one for declaratory relief. See Canter v. Voinovich (Sept. 24, 1997), Lorain App. No. 97CA006665, unreported, at 3.
Pursuant to R.C. 2953.21 and 2953.23(A), the trial court was precluded from entertaining Augustine's motion. R.C.2953.21(A)(2), as amended effective September 21, 1995, provides that where a direct appeal of conviction has been made, a petition for postconviction relief must be filed "no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction[.]" However, where an individual seeks postconviction relief with respect to a case in which sentence was imposed prior to the September 21, 1995, effective date of the act amending the statute, that individual must either file a petition within the time required in R.C. 2953.21(A)(2) or within one year from the effective date of the act, whichever is later. Section 3, Am.Sub.S.B. No. 4.
Because Augustine was sentenced prior to September 21, 1995, and his trial transcript was filed in this court as part of his direct appeal in 1992, Augustine's postconviction petition was required to be filed with the trial court no later than September 21, 1996, in order to be timely. He did not file until October 17, 1997.
The untimeliness of Augustine's petition alone would not have given the trial court an automatic right to dismiss the petition, however. As this court has explained, the untimeliness of a petition triggers analysis under R.C. 2953.23(A), which governs untimely and successive petitions for postconviction relief. See,e.g., State v. Kasubienski (Nov. 12, 1997), Lorain App. No. 97CA006684, unreported. Pursuant to R.C. 2953.23, a trial court must dismiss an untimely petition unless it meets certain conditions: (1) the petitioner must show either that he was unavoidably prevented from discovering the facts upon which he relies in the petition, or that the United States Supreme Court has, since the deadline for filing his petition, recognized a new federal or state right that applies retroactively to the petitioner; and (2) the petitioner must show by clear and convincing evidence that a reasonable fact finder would not have found him guilty but for constitutional error at trial. A review of Augustine's petition reveals that he did not meet the criteria of R.C. 2953.23(A). Accordingly, Augustine's assignment of error is overruled.
The decision of the trial court denying his motion is affirmed for the reasons set forth in this opinion.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Medina Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. _________________________________ WILLIAM R. BAIRD
FOR THE COURT
QUILLIN, P. J.
REECE, J.
CONCUR.