{¶ 17} For the reasons that follow, I must respectfully dissent. It is clear the power of the Public Utilities Commission under the legislative scheme of R.C. Title 49 is comprehensive and plenary. However, this does not mean that exclusive original jurisdiction over all complaints of individuals against public utilities is lodged in the commission.
 {¶ 18} In its simplest terms, this is a lawsuit concerning a fire at a residence that was caused by the failure of a "meter base," which had been inspected by employees of appellee, Cleveland Electric Illuminating Company. It is unnecessary to examine the relative merits of the claim, as the trial court dismissed the action on a jurisdictional basis, finding that "[p]laintiff has not alleged any cause of action cognizable to this forum and that this Court lacks subject matter jurisdiction over this claim." This is a simple negligence claim, and there is no question that courts of common pleas have jurisdiction over such matters. While the alleged tort feasor may be a large publicly regulated corporation, the simple act of negligence is neither unique nor complicated.
 {¶ 19} The Supreme Court of Ohio addressed this issue and found that "[c]ourts of this state ARE available to supplicants who have claims sounding in contract against a corporation coming under the authority of the Public Utilities Commission."[3] The Supreme Court expanded this holding to tort cases as well, holding that "claims sounding in contract or tort have been regarded as reviewable in the Court of Common Pleas, although brought against corporations subject to the authority of the commission."[4]
 {¶ 20} It is important to distinguish between matters which are unique to utilities, such as rates and practices, and isolated acts of negligence when determining the jurisdiction of the courts of this state. Obviously, broad questions of policy and rate-making are within the exclusive purview of the PUCO. However, less lofty questions such as negligence leading to fires in a solitary residence are clearly within the competence and jurisdiction of the courts of common pleas. Appellee's argument, followed to its logical conclusion, would require the dismissal of all lawsuits which name a utility as a defendant . . . without regard to the subject matter of the dispute. That is not the law of Ohio. As stated by the Supreme Court of Ohio, access to the courts is granted to "supplicants" even when they have the temerity to sue their utility provider.[5]
 {¶ 21} The reasoning of the Second District Court of Appeals, inGayheart v. Dayton Power Light Co. is appropriate in this matter. In that matter, the court reasoned:
 {¶ 22} "We recently revisited the issue of jurisdiction inMid-American Fire Cas. Co. v. Gray.[6] In Mid-American, we held that the trial court had jurisdiction over a tort claim against a utility where a serviceman failed to respond timely to a service call. We found that this was an isolated act of negligence, not a `practice' as inFarra,[7] and, therefore, the trial court had proper jurisdiction.
 {¶ 23} "In essence, every negligence claim brought against a public utility will be one involving some aspect of `service.' However, we find the present case to be one not reasonably contemplated by the legislature in enacting R.C. 4905.26. In the present case, there is no evidence to suggest that DP L authorized a power surge or that such a power surge was a `practice' engaged in regularly by DP L. Instead, the power surge alleged is an isolated act of negligence. In fact, the crucial question presented in this case involved deciding which of two possible causes of the fire occurred — the power surge or faulty wiring — not deciding whether any `service' rendered by DP L was unreasonable. The expertise of PUCO in interpreting regulations is not necessary to the resolution of this case. Rather, this is a case that is particularly appropriate for resolution by a jury. Thus, the trial court properly exercised jurisdiction over the claim."[8]
 {¶ 24} The trial court was wrong when it decided that there was no jurisdiction over this negligence action. The matter should be reversed for trial so that a competent fact finder can resolve the respective negligence of the parties. This is NOT a matter which requires the expertise of the Public Utilities Commission of Ohio.
[3] (Emphasis added.) State ex rel. Dayton Power Light Co. v. Riley
(1978), 53 Ohio St.2d 168, 169, citing Southgate Dev. Corp. v. ColumbiaGas. Transm. Corp. (1976), 48 Ohio St.2d 211; and New Bremen v. Pub.Util. Comm. (1921), 103 Ohio St. 23.
[4] (Citations omitted.) Milligan v. Ohio Bell Tel. Co. (1978),56 Ohio St.2d 191.
[5] See State ex rel. Dayton Power Light Co. v. Riley, supra.
[6] Mid-American Fire Cas. Co. v. Gray (June 15, 1993), 2d Dist. No. 13763, 1993 WL 211651.
[7] Farra v. Dayton (1989), 62 Ohio App.3d 487.
[8] Gayheart v. Dayton Power Light Co. (1994), 98 Ohio App.3d 220,229.