**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Frenchko v. Trumbull Cty. Bd. of Elections*, Slip Opinion No. 2020-Ohio-4253.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-4253

THE STATE EX REL. FRENCHKO *v*. TRUMBULL COUNTY BOARD OF ELECTIONS.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Frenchko v. Trumbull Cty. Bd. of Elections*, Slip Opinion No. 2020-Ohio-4253.]**

*Elections—Prohibition—R.C. 3501.11(J) and (Q)—Writ sought to prevent a board of elections from holding a hearing to investigate election-law violations and residency qualifications—Because statutes allowing the board to investigate the violations do not give the board authority to adjudicate the controversy, relator cannot show that the board is about to exercise quasi-judicial power—Writ denied.*

(No. 2020-0955—Submitted August 20, 2020—Decided August 28, 2020.)

IN PROHIBITION.

_____

**Per Curiam.**

{¶ 1} Relator, Michele Nicole "Niki" Frenchko, seeks a writ of prohibition to prevent respondent, the Trumbull County Board of Elections, from holding a

hearing under R.C. 3501.11(J), which empowers the board to investigate violations of election law and report its findings to the secretary of state or the prosecuting attorney, and R.C. 3501.11(Q), which empowers the board to investigate the residence qualifications of electors. We deny the writ. Frenchko has not shown that the board is about to exercise quasi-judicial power, that the hearing is unauthorized by law, or that she lacks an adequate remedy in the ordinary course of the law.

## I. FACTUAL AND PROCEDURAL BACKGROUND

{¶ 2} Frenchko has been certified to appear on the November 3, 2020 ballot as a candidate for Trumbull County Commissioner, having won the Republican nomination to that office in the primary election.

{¶ 3} On July 8, 2020, the board received a letter from an elector named Thomas J. Cool, requesting an "investigation pursuant to [R.C. 3501.11(J) and (Q)] regarding the putative elector and candidate for Trumbull County Commissioner, Niki Frenchko * * * with respect to residence and eligibility as an elector between August 19, 2019 and May 28, 2020 and misstatements regarding the same and other violations of [Title] 35 of the Ohio Revised Code." Attached to Cool's letter were purported copies of a child-support order and a student record regarding Frenchko's minor child. Cool asserted that Frenchko was the child's residential and custodial parent and that from August 2019 through May 2020, the child attended school in the Mentor Exempted Village School District. He further asserted that the Mentor school district lies entirely in Lake County, not Trumbull County, and does not have open enrollment, so Frenchko had to have been a resident of the district to send her child to school there. Cool concluded, "Ms. Frenchko has either misled this Honorable Board or has misled the Mentor Public Schools regarding her residency during the 2019 through 2020 school year * * *."

{¶ 4} On July 31, after holding a special meeting to determine how it would investigate Cool's allegations, the board sent a letter to Frenchko and Cool stating

2

that on August 7, it would hold a public hearing pursuant to R.C. 3501.11(J) and (Q) "as to all matters contained in the attached letter from Thomas Cool." Frenchko avers that the director and deputy director of the board have issued subpoenas, signed but otherwise in blank, to Cool's attorneys, allowing the attorneys to subpoena witnesses and records of their choosing, including records from the Mentor school district.

{¶ 5} Frenchko filed her prohibition complaint on August 6, seeking to prevent the board from holding the August 7 hearing. We stayed the hearing pending the outcome of this matter, which we ordered to proceed as an expedited election case under S.Ct.Prac.R. 12.08. 159 Ohio St.3d 1471, 2020-Ohio-3978, ___ N.E.3d ___. Frenchko and the board filed merit briefs. Cool filed an amicus brief in support of the board. Frenchko did not file a reply brief, and the time for doing so has passed. The case is therefore ripe for decision.

## II.  ANALYSIS

{¶ 6} To be entitled to a writ of prohibition, Frenchko must establish that the board "is about to exercise judicial or quasi-judicial power," "the exercise of that power is unauthorized by law," and "denying the writ will result in injury for which no other adequate remedy exists in the ordinary course of law." *State ex rel. LetOhioVote.Org v. Brunner*, 125 Ohio St.3d 420, 2010-Ohio-1895, 928 N.E.2d 1066, ¶ 11. The failure to establish any one of these elements would be fatal to Frenchko's complaint. She has not established any of them.

### A.  *Quasi-Judicial Power*

{¶ 7} "Quasi-judicial authority is *the power to hear and determine controversies* between the public and individuals that require a hearing resembling a judicial trial." (Emphasis added.) *State ex rel. Wright v. Ohio Bur. of Motor Vehicles*, 87 Ohio St.3d 184, 186, 718 N.E.2d 908 (1999); *see also Black's Law Dictionary* 1416 (11th Ed.2019) (defining "quasi-judicial power" as "[a]n

administrative agency's power to adjudicate the rights of those who appear before it").

{¶ 8} Frenchko argues that the board's discussion at its July 31 special meeting shows that it is contemplating removing her from the November 3 ballot or canceling her voter registration at the conclusion of the hearing. The board's hearing notice, however, does not invoke R.C. 3503.24 and 3501.39, the provisions relevant to taking those actions. Instead, the notice simply states that the board intends to conduct an investigation pursuant to R.C. 3501.11(J) and (Q).

{¶ 9} R.C. 3501.11(Q) provides that the board shall "[i]nvestigate and determine the residence qualifications of electors." In connection with such an investigation (or the investigation of any "irregularities, nonperformance of duties, or violations" of election laws), R.C. 3501.11(J) permits the board to "administer oaths, issue subpoenas, summon witnesses, and compel the production of books, papers, records, and other evidence." Importantly, neither provision authorizes the board to decide anything in the judicial or quasi-judicial sense. Under R.C. 3501.11(J), all the board may do is report the facts it uncovers through its investigation to the prosecuting attorney or the secretary of state. Under R.C. 3501.11(Q), all the board may do is "determine" something in the general sense that it may "ascertain," "establish," or "find out." *Webster's New World Dictionary* 375 (3d College Ed.1988). In other words, R.C. 35011.11(Q) authorizes the board to investigate, not adjudicate. Again, to hear and decide the controversy between the parties, that is, to adjudicate the matter, a proceeding under another provision is required. *See, e.g., State ex rel. Husted v. Brunner,* 123 Ohio St.3d 288, 2009-Ohio-5327, 915 N.E.2d 1215, ¶ 14-16.

{¶ 10} Thus, because the board does not have the power to adjudicate, Frenchko has not established that the board is about to exercise quasi-judicial power by holding an investigatory hearing or issuing subpoenas under R.C. 3501.11(J) and (Q). *See LetOhioVote.Org*, 125 Ohio St.3d 420, 2010-Ohio-1895, 928 N.E.2d

1066, at ¶ 16, citing *State ex rel. Taft v. Franklin Cty. Court of Common Pleas*, 63 Ohio St.3d 190, 195, 586 N.E.2d 114 (1992) (distinguishing between an administrative act, an investigation, and an exercise of quasi-judicial power, an adjudicatory proceeding).

### B. Authorization by Law

{¶ 11} As explained above, R.C. 3501.11(J) and (Q) authorize the board to investigate Cool's allegations that Frenchko violated election law and to report its findings to the prosecuting attorney or the secretary of state for further action. In furtherance of this power, the board may issue subpoenas, R.C. 3501.11(J), and may hold a hearing. Moreover, the board's practice of having its director or deputy director issue subpoenas signed but otherwise in blank, which Frenchko argues exceeds the scope of the director's and deputy director's powers, comports with Secretary of State Advisory Opinion No. 2008-10, https://www.ohiosos.gov/globalassets/elections/advisories/2008/adv2008-10.pdf *(accessed August 26, 2020) [*https://perma.cc/Z6ZE-EYCL].

{¶ 12} As also explained above, the board has expressly disclaimed any authority to cancel Frenchko's voter registration under R.C. 3503.24 or remove her from the ballot. Frenchko's reliance on *State ex rel. Husted*, 123 Ohio St.3d 288, 2009-Ohio-5327, 915 N.E.2d 1215, in which we granted a writ of mandamus partly because election officials had not complied with R.C. 3503.24 when canceling an elector's registration, is therefore misplaced. Frenchko has not established that the board's contemplated actions are unauthorized by law. *See State ex rel. Harbarger v. Cuyahoga Cty. Bd. of Elections*, 75 Ohio St.3d 44, 47, 661 N.E.2d 699 (1996) (though it was too late for the board to remove a candidate from the ballot sua sponte or in response to a protest, "the board may hold a hearing limited to investigating the alleged violation of [election law] pursuant to R.C. 3501.11(J)").

### *C. Adequate Remedy*

**{¶ 13}** The only reason Frenchko asserts that she lacks an adequate remedy at law is the proximity of the November 3 election. However, as the investigatory hearing under R.C. 3501.11(J) and (Q) will not affect Frenchko's ability to stand as a candidate or to vote in that election, she has not established the lack of an adequate remedy in the ordinary course of the law.

### III. CONCLUSION

**{¶ 14}** Based on the foregoing, we deny the writ.

Writ denied.

O'CONNOR, C.J., and FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

KENNEDY, J., not participating.

_____

Michele Nicole Frenchko, pro se.

Dennis Watkins, Trumbull County Prosecuting Attorney, and William J. Danso, Assistant Prosecuting Attorney, for respondent.

Brunner Quinn, Rick L. Brunner, and Patrick M. Quinn, in support of respondent for amicus curiae, Thomas J. Cool.

_____