OPINION
{¶ 1} This is an appeal by plaintiff-appellant, Theodore K. Marok, III, from a judgment of the Ohio Court of Claims granting a motion by defendant-appellee, The Ohio State University ("OSU"), for judgment on the pleadings.
 {¶ 2} On October 23, 2006, appellant filed a complaint "for monetary damages injunctive relief" against OSU, asserting causes of action for negligence (two counts), unjust enrichment and spoliation. The complaint alleged that appellant was a student at *Page 2 
OSU, pursuing a Bachelors Degree in Agriculture Construction and Engineering, until his dismissal from the University on December 24, 1999.
 {¶ 3} On November 21, 2006, OSU filed an answer. On July 12, 2007, OSU filed a motion for judgment on the pleadings. In the accompanying memorandum in support, OSU asserted that appellant's claims were barred by the applicable statute of limitations, and, therefore, the complaint failed to state a claim upon which relief can be granted.
 {¶ 4} On July 25, 2007, appellant filed a memorandum in opposition to OSU's motion for judgment on the pleadings. Appellant attached several "exhibits" to the memorandum.
 {¶ 5} On August 1, 2007, OSU filed a notice of supplemental authority. OSU argued that, to the extent appellant's complaint may be interpreted to assert a cause of action based upon his dissatisfaction with certain student loans administered by OSU, such issue had been previously litigated in the Franklin County Municipal Court. More specifically, OSU argued that, on April 12, 2006, the Franklin County Municipal Court had issued an entry of judgment against appellant in the amount of $3,711.81 in an action by OSU against appellant for payment of student loans. Attached to the notice was a copy of a complaint filed by OSU in the municipal court against appellant, as well as a copy of a judgment entry of the municipal court.
 {¶ 6} On August 30, 2007, appellant filed a memorandum in opposition to OSU's supplemental authority. Appellant attached several documents to his memorandum in opposition.
 {¶ 7} By decision filed October 3, 2007, the Court of Claims granted OSU's motion for judgment on the pleadings. The decision of the court stated, in part: *Page 3 
 Upon review of the complaint, the motion for judgment on the pleadings, and the oral argument presented at the hearing, the court finds that the claims for breach of contract, negligence, and unjust enrichment arose when plaintiff was dismissed from the university in December 1999 or at the latest, when he was notified of attempts to collect the debt in early 2000. Therefore, the pleadings demonstrate that plaintiff's claims were not timely filed and that defendant is entitled to judgment as a matter of law.
 In addition, any claims involving defendant's debt collection procedures related to plaintiff's student loans are barred either by the statute of limitations or by the doctrine of res judicata. * * *
 {¶ 8} On appeal, appellant sets forth the following nine assignments of error for this court's review:
 I ASSIGNMENT OF ERROR NO 1: THE COURT OF CLAIMS ERRORED [sic] HOLDING THE DEFENDANT SET FORTH AFFIRMATIVELY A DEFENSE OF STATUTE OF LIMITATIONS BAR IN ITS PLEADINGS.
 II ASSIGNMENT OF ERROR NO 2: THE COURT OF CLAIMS ERRORED [sic] HOLDING THE DEFENDANT SET FORTH AFFIRMATIVELY A DEFENSE OF RES JUDICATA BAR IN ITS PLEADINGS.
 III ASSIGNMENT OF ERROR NO 3: THE COURT OF CLAIMS ERRED WHEN IT RELIED ON EVIDENCE OUTSIDE THE COMPLAINT WHEN GRANTING A MOTION TO DISMISS PURSUANT TO Civ. R. 12(B)(6).
 IV ASSIGNMENT OF ERROR NO. 4: THE COURT OF CLAIMS ERRED WHEN A MOTION TO DISMISS RAISED MATTERS OUTSIDE PLEADINGS IT FAILED TO CONVERT TO A Civ. R. 56 MOTION FOR SUMMARY JUDGMENT.
 V ASSIGNMENT OF ERROR NO 5: THE COURT OF CLAIMS ERRED WHEN IT FOUND PERMISSIBLE DEFENDANTS UNTIMELY MOTION ON PLEADINGS.
 VI ASSIGNMENT OF ERROR NO 6: THE COURT OF CLAIMS ERRED WHEN IT FOUND A RES JUDICATA BAR *Page 4 
PRECLUDED CASE 2006-06736 IN THE COURT OF CLAIMS OF OHIO.
 VII ASSIGNMENT OF ERROR NO 7: THE COURT OF CLAIMS ERRED WHEN IT FAILED TO RECOGNIZE FROM THE FACE OF COMPLAINT INJUNCTIVE RELIEF SOUGHT WAS TO PREVENT FURTHER AND FUTURE INJURY.
 VIII ASSIGNMENT OF ERROR NO. 8: THE COURT OF CLAIMS ERRED WHEN IT IGNORED AND ALLOWED THE CONTINUATION OF VIOLATIONS OF STATE AND FEDERAL LAW BY OSU, ITS EMPLOYEES AND REPRESENITIVES [sic].
 IX ASSIGNMENT OF ERROR NO 9: THE COURT OF CLAIMS ERRED WHEN IT FAILED TO TOLL THE STATUTE OF LIMITATIONS DEU [sic] TO THE DISCOVERY RULE APPLIES BY CONTINUATION OF VIOLATIONS OF STATE AND FEDERAL LAW BY OSU, ITS EMPLOYEES AND REPRESENITIVES [sic].
 {¶ 9} By the first assignment of error, appellant contends that the Court of Claims erred by granting OSU's motion for judgment on the pleadings based on the statute of limitations. A determination of a motion for judgment on the pleadings "is restricted solely to the allegations in the pleadings." Compton v. 7-Up Bottling Co. (1997),119 Ohio App.3d 490, 492. "[P]ursuant to Civ. R. 12(C), dismissal is appropriate where the court `(1) construes the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party as true, and (2) finds beyond doubt, that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief.'" Id., citing State ex rel. Midwest PrideIV, Inc. v. Pontious (1996), 75 Ohio St.3d 565, 570.
 {¶ 10} A Civ. R. 12(C) motion for judgment on the pleadings has been characterized as a belated Civ. R. 12(B)(6) motion for failure to state a claim upon which *Page 5 
relief can be granted. Easter v. Complete Gen. Constr. Co., Franklin App. No. 06AP-763, 2007-Ohio-1297. Civ. R. 12(C) provides, as follows: "After the pleadings are closed but within such times as not to delay the trial, any party may move for judgment on the pleadings." A motion for judgment on the pleadings is specifically intended for resolving questions of law. Friends of Ferguson v. Ohio Elections Comm. (1997),117 Ohio App.3d 332, 334. Appellate courts review the granting of a motion for judgment on the pleadings de novo. Fontbank, Inc. v.CompuServe, Inc. (2000), 138 Ohio App.3d 801, 807.
 {¶ 11} In Mills v. Whitehouse Trucking Co. (1974), 40 Ohio St.2d 55, the Ohio Supreme Court stated that a party's failure to raise an affirmative defense either by motion before pleading pursuant to Civ. R. 12(B), or affirmatively in a responsive pleading pursuant to Civ. R. 8(C), or by amendment made under Civ. R. 15, waives the party's right to subsequently raise the defense.[1] "A failure to utilize any of these three methods for raising an affirmative defense will result in a waiver thereof." Spence v. Liberty Twp. Trustees (1996), 109 Ohio App.3d 357,366. A motion for judgment on the pleadings based upon a violation of the statute of limitations is permissible and timely when it is filed prior to the filing date of an answer and the bar of the statute is obvious from the face of the complaint. Frayne v. Client Serv.,Inc., Montgomery App. No. 21758, 2007-Ohio-4893. These affirmative defenses also cannot be asserted for the first time in a motion for summary judgment. Carmen v. Link (1997), 119 Ohio App.3d 244, 250.
 {¶ 12} In this case, OSU did not raise the affirmative defense of statute of limitations by motion before pleading, did not raise it in its answer, and did not move to *Page 6 
amend its answer to add the affirmative defense. Thus, the Court of Claims erred in relying upon that defense to dismiss the complaint. Appellant's first assignment of error is well-taken.
 {¶ 13} By his second assignment of error, appellant contends that the Court of Claims erred by granting OSU's motion for judgment on the pleadings based upon the affirmative defense of res judicata. Civ. R. 8 designates res judicata as an affirmative defense and it is not listed in Civ. R. 12(B) as a defense that may be raised by motion. Thus, the defense of res judicata may not be raised by motion to dismiss under Civ. R. 12(B). State ex rel. Freeman v. Morris (1991), 62 Ohio St.3d 107,109. Similarly, it cannot be resolved in a Civ. R. 12(C) motion on the pleadings. Appellant's second assignment of error is well-taken.
 {¶ 14} By our ruling on the first two assignments of error, the other assignments of error are rendered moot. For the foregoing reasons, appellant's first and second assignments of error are sustained, the third, fourth, fifth, sixth, seventh, eighth, and ninth assignments of error are rendered moot, the judgment of the Ohio Court of Claims is reversed, and this cause is remanded to that court for further proceedings in accordance with law, consistent with this opinion.
Judgment reversed and cause remanded.
BRYANT and PETREE, JJ., concur.
[1] While Mills was decided before the Civil Rules were amended in 1983, in Hoover v. Sumlin (1984), 12 Ohio St.3d 1, the Ohio Supreme Court held that a party may appropriately raise an affirmative defense in an amended pleading. Civ. R. 15(A) states that leave of court shall be freely given as justice requires. *Page 1