[Cite as *Hardin v. Ohio Dept. of Transp.*, 2010-Ohio-3224.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

VINCENT HARDIN, et al.

     Plaintiffs

     v.

OHIO DEPARTMENT OF TRANSPORTATION

     Defendant
     Case No. 2009-03258

Judge Clark B. Weaver Sr.

DECISION

{¶ 1} On April 19, 2010, defendant filed a motion for summary judgment pursuant to Civ.R. 56. Plaintiffs did not respond to the motion. On May 21, 2010, the court conducted an oral hearing on the motion. Defendant was present and prepared to proceed; however; plaintiffs failed to appear.[1]

{¶ 2} Civ.R. 56(C) states, in part, as follows:

{¶ 3} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable

---

[1] By way of entries dated March 30, 2010, and May 17, 2010, plaintiffs were advised that further failure to participate in scheduled proceedings could result in dismissal of this action pursuant to Civ.R. 41(B)(1). However, in the interests of justice, the court will address defendant's motion for summary judgment.

minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor." See also *Gilbert v. Summit County*, 104 Ohio St.3d 660, 2004-Ohio-7108, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317.

{¶ 4} Plaintiffs filed this action alleging that defendant, the Ohio Department of Transportation (ODOT), negligently constructed both a retaining wall and drainage ditch in connection with a 1999 roadway-widening project on State Route 126 adjacent to their home. Plaintiffs assert that the drainage system has not adequately carried water away from their property, causing rain water to settle in their backyard and flow into their basement. They state that, "for years" their backyard has been increasingly saturated with rain water to the point that it has flooded their basement and caused extensive damage to the foundation of their home. Plaintiffs are seeking compensation for foundation repair which they allege is necessary as a result of defendant's negligence.

{¶ 5} Defendant contends that the ODOT construction work was not the cause of the water run-off onto plaintiffs' property in that the project did not alter the then-existing drainage pattern of water. In the alternative, defendant argues that plaintiff's complaint is barred by the statute of limitations. However, inasmuch as defendant did not raise the statute of limitations as an affirmative defense in its answer, it cannot be asserted for the first time in a motion for summary judgment. *Marok v. The Ohio State University*, Franklin App. No. 07AP-921, 2008-Ohio-3170.

{¶ 6} In support of its motion, defendant submitted the affidavit of William R. Davis wherein he states:

{¶ 7} "1) I am employed by the Ohio Department of Transportation ('ODOT') as a District 8 Roadway Services Engineer;

{¶ 8} "2) I have personal knowledge and I am competent to testify to the facts contained in this Affidavit;

{¶ 9} "3) I have personal knowledge based on information contained in business records for the project at issue. These business records have been maintained and kept by ODOT in the usual course of its business, and I have access to these records.

**{¶ 10}** "4)   The project at issue in this case * * * widened the shoulders along the roadway to provide adequate space for disabled vehicles to pull off of the highway, out of moving traffic on SR 126.

**{¶ 11}** "5)   The [plaintiffs'] property is adjacent to the entrance ramp from Ridge Rd. to eastbound SR 126.

**{¶ 12}** "6)   The project, in addition to widening the ramp shoulder, also lengthened the acceleration lane from this ramp to SR 126.

**{¶ 13}** "7)   This longer acceleration lane also required a small amount of widening to the existing roadway.

**{¶ 14}** "8)   The [plaintiffs'] house sits elevated in relation to SR 126.  Because of this, a small retaining wall was constructed to minimize the impact of the roadway widening to the adjacent properties.  The retaining wall also includes a concrete gutter on the resident's side to function as a drainage ditch behind the wall.

**{¶ 15}** "9)   The new retaining wall/concrete gutter moved the roadway drainage ditch approximately 10 feet closer to the plaintiff than prior to the construction project.

**{¶ 16}** "10) This relocated ditch line is still well below the elevation of the [plaintiffs'] property, and did not alter the drainage patterns of the [plaintiffs'] property that existed prior to construction.  Surface runoff still flows away from the [plaintiffs'] property, downhill towards the highway.

**{¶ 17}** "11) Also shown in the cross sections, is that the highway widening in the vicinity of the plaintiff was minimal in regards to how much of the existing hillside adjacent to the highway was removed. As stated earlier, the retaining wall minimized this aspect."

**{¶ 18}** Upon review, and construing the evidence most strongly in plaintiffs' favor, the court finds that the only reasonable conclusion to be drawn from the unrebutted affidavit testimony is that ODOT's roadway widening project was not the proximate cause of the water accumulation and foundation damage on plaintiffs' property.

**{¶ 19}** Moreover, Civ.R. 56(E) provides in pertinent part:

**{¶ 20}** "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If

the party does not so respond, summary judgment, if appropriate, shall be entered against the party."

{¶ 21} The court finds that there is no genuine issue as to any material fact and that defendant is entitled to judgment as a matter of law. Defendant's motion for summary judgment shall be granted and judgment shall be rendered in favor of defendant. Defendant's April 21, 2010 motion to extend the discovery deadline is DENIED as moot.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

VINCENT HARDIN, et al.

     Plaintiffs

     v.

OHIO DEPARTMENT OF TRANSPORTATION

     Defendant
     Case No. 2009-03258

Judge Clark B. Weaver Sr.

<u>JUDGMENT ENTRY</u>

An oral hearing was conducted in this case upon defendant's motion for summary judgment. For the reasons set forth in the decision filed concurrently herewith, defendant's motion for summary judgment is GRANTED and judgment is rendered in favor of defendant. Court costs are assessed against plaintiffs. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
CLARK B. WEAVER SR.
Judge

cc:


John P. Reichley                         Teresa Hardin
Kristin S. Boggs                         Vincent Hardin
Assistant Attorneys General              3200 Patrisal Court
150 East Gay Street, 18th Floor          Cincinnati, Ohio 45236
Columbus, Ohio 43215-3130

LH/cmd
Filed June 10, 2010
To S.C. reporter July 7, 2010