[Cite as *Marok v. Ohio State Univ.*, 2011-Ohio-2616.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

THEODORE K. MAROK, III

    Plaintiff

    v.

THE OHIO STATE UNIVERSITY

    Defendant
    Case No. 2006-06736

Judge Joseph T. Clark
Magistrate Anderson M. Renick

MAGISTRATE DECISION

{¶ 1} Plaintiff brought this action alleging negligence, breach of contract, and unjust enrichment. The issues of liability and damages were bifurcated and the case proceeded to trial on the issue of liability.

{¶ 2} In 1999, plaintiff was a student at defendant, The Ohio State University (OSU), pursuing an undergraduate degree in the College of Agriculture. Plaintiff alleges that problems relating to scheduling a required course, Agriculture and Construction Systems Management 605, and other acts or omissions by defendant prevented him from completing his degree curriculum. On December 24, 1999, Jill Pfister, Assistant Dean of Academic Affairs, wrote a letter informing plaintiff that he was being dismissed from OSU for failing to maintain "the minimum requirement" for scholastic achievement. (Defendant's Exhibit A.) In early 2000, plaintiff received statements from defendant requesting payment of the balance owed on his student account. In May 2000, plaintiff received a demand from defendant's Office of Student Loan Services for payment on a federal Perkins loan. Plaintiff testified that he continued to receive demands for

payment from defendant and that he disputed with several employees of defendant the amount of the payment that was owed according to the correspondence.

{¶ 3} In October 2004, plaintiff received notice that his student accounts had been referred to the Office of the Attorney General (OAG) for collection. (Plaintiff's Exhibit 16.) In response to OAG's demands for payment, plaintiff continued to dispute his debt and he alleged that OSU had made "mistakes" in record-keeping. Plaintiff also contends that OSU failed to respond to his requests regarding re-admittance to the College of Agriculture. (Defendant's Exhibits E and F.) OSU subsequently brought an action against plaintiff in the Franklin County Municipal Court which, on April 11, 2006, resulted in a finding that plaintiff was liable to OSU and an order for repayment of his student loans with interest. (Defendant's Exhibit G.) Plaintiff testified that he did not appeal the municipal court's decision.

{¶ 4} Plaintiff alleges that he was wrongfully dismissed from OSU and that he has suffered both emotional distress and monetary damages as a result of OSU's inaccurate record-keeping. Plaintiff has asserted claims for relief sounding in contract, tort, and in equity. Defendant argues that plaintiff's claims are barred by the applicable statute of limitations.[1]

{¶ 5} R.C. 2743.16 provides, in part:

{¶ 6} "(A) Subject to division (B) of this section, civil actions against the state permitted by sections 2743.01 to 2743.20 of the Revised Code shall be commenced no later than two years after the date of accrual of the cause of action *or within any shorter period that is applicable to similar suits between private parties.*" (Emphasis added.)

{¶ 7} At trial, plaintiff argued that the statute of limitations did not begin to run

---

[1]The Tenth District Court of Appeals reversed the October 3, 2007 decision of this court which had held that plaintiff's claims were barred either by the statute of limitations or by the doctrine of res judicata. *Marok v. Ohio State Univ.*, Franklin App. No. 07AP-921, 2008-Ohio-3170. The court of appeals noted that although defendant had not properly raised those affirmative defenses, such defenses may be raised in an amended pleading pursuant to Civ.R. 15(A). On October 1, 2009, the court granted defendant's motion to amend its answer.

until he was able to "discover" errors in defendant's accounting practices as a result of information which he obtained from defendant through civil discovery in this action. Plaintiff further contends that defendant engaged in a "continuing violation" regarding his student account.

{¶ 8} In general, statutes of limitation begin to run when some act is committed that gives rise to a cause of action. *O'Stricker v. Jim Walter Corp.* (1983), 4 Ohio St.3d 84, 87. The discovery rule provides an exception where "a cause of action does not arise until the plaintiff discovers, or by the exercise of reasonable diligence should have discovered, that he or she was injured by the wrongful conduct of the defendant." *Norgard v. Brush Wellman, Inc.*, 95 Ohio St.3d 165, 167, 2002-Ohio-2007; see also *Oliver v. Kaiser Community Health Found.* (1983), 5 Ohio St.3d 111. However, the rule has been limited in application to actions for medical and legal malpractice and actions for bodily injury or injury to personal property, and courts have declined to extend the rule unless it is specifically incorporated into a statute. See *Investors REIT One, v. Jacobs* (1989), 46 Ohio St.3d 176, 181; *Creaturo v. Duko*, Columbiana App. No. 04 CO 1, 2005-Ohio-1342, ¶47.

{¶ 9} Deborah Terry, who was employed in OSU's Bursar's Office, testified regarding plaintiff's student financial records. Terry identified plaintiff's account statements and explained the various student fees that had been posted to his account. Terry also identified copies of reports that contained entries related to promissory notes, account refunds, and federal Perkins loans that had been issued to plaintiff. According to Terry, plaintiff has had access to his student account records and there was nothing "unusual" or inaccurate in those records.

{¶ 10} Based upon the foregoing, the court finds that the "discovery rule" is inapplicable to plaintiff's claims. The court further finds that plaintiff's cause of action accrued at the latest on February 29, 2000, the date on which plaintiff was notified that his "delinquent account" had been referred to OSU's Accounts Receivable Office for collection. (Plaintiff's Exhibit 9.) Therefore, plaintiff would have had to file an action

against defendant no later than February 29, 2002.  Accordingly, plaintiff's claims are time-barred.

{¶ 11} Furthermore, under the doctrine of res judicata, "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 1995-Ohio-331, syllabus.  "'[O]nce [a] jurisdictional issue has been fully litigated and determined by a court that has authority to pass upon the issue, said determination is res judicata in a collateral action and can only be attacked directly by appeal.'"  *Citicasters Co. v. Stop 26-Riverbend, Inc.*, 147 Ohio App.3d 531, 2002-Ohio-2286, ¶33, quoting *Squires v. Squires* (1983), 12 Ohio App.3d 138, 141.  The doctrine of res judicata "'applies to extinguish a claim by the plaintiff against the defendant even though the plaintiff is prepared in the second action (1) To present evidence or grounds or theories of the case not presented in the first action, or (2) To seek remedies or forms of relief not demanded in the first action.'"  *Grava*, supra, at 383, quoting 1 Restatement of the Law 2d, Judgments (1982) 209, Section 25.

{¶ 12} A counterclaim against defendant regarding defendant's debt collection procedures could have been filed in the action in the Franklin County Municipal Court.  See Civ.R. 13(A) and R.C. 2743.03(E).  Accordingly, the doctrine of res judicata bars such claims in this case.

{¶ 13} For the foregoing reasons, judgment is recommended in favor of defendant.

*A party may file written objections to the magistrate's decision within 14 days of the filing of the decision, whether or not the court has adopted the decision during that 14-day period as permitted by Civ.R. 53(D)(4)(e)(i).  If any party timely files objections, any other party may also file objections not later than ten days after the first objections are filed.  A party shall not assign as error on appeal the court's adoption of any factual*

*finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion within 14 days of the filing of the decision, as required by Civ.R. 53(D)(3)(b).*

_____
ANDERSON M. RENICK
Magistrate

cc:

Douglas R. Folkert
Assistant Attorney General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

Theodore K. Marok, III
4146 Lyman Avenue
Toledo, Ohio 43612

AMR/cmd
Filed May 3, 2011
To S.C. reporter May 26, 2011