[Cite as *Mun. Constr. Equip. Operators' Labor Council v. Cleveland*, 2011-Ohio-5507.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96738**

# MUNICIPAL CONSTRUCTION EQUIPMENT OPERATORS' LABOR COUNCIL

PLAINTIFF-APPELLANT

vs.

# CITY OF CLEVELAND, OHIO

DEFENDANT-APPELLEE

## JUDGMENT:
## REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-735591

**BEFORE:** Rocco, J., Kilbane, A.J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:** October 27, 2011

**ATTORNEY FOR APPELLANT**

Stewart D. Roll
Climaco, Wilcox, Peca, Tarantino & Garofoli Co., L.P.A.
55 Public Square, Suite 1950
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEE**

Barbara A. Langhenry
Interim Director of Law
Joseph F. Scott
Chief Assistant Director of Law
City of Cleveland
601 Lakeside Avenue, Room 106
Cleveland, Ohio 44114

KENNETH A. ROCCO, J.:

{¶ 1} Plaintiff-appellant, the Municipal Construction Equipment Operators' Labor Council ("the union"), appeals from orders entered in the Cuyahoga County Court of Common Pleas that transferred this case from one assigned judge to another, denied the union's motion to return the case to the first judge, and ultimately granted a motion filed by defendant-appellee, the city of Cleveland, to dismiss this case based upon the doctrine of res judicata.

{¶ 2} The union presents three assignments of error. It argues that the administrative judge lacked both justification and the authority to transfer the case from

the first judge to the second judge, that the administrative judge thereafter improperly denied the union's motion to return the case to the first judge, and that the second judge's dismissal of the case violated Civ.R. 12 and Civ.R. 56.

{¶ 3} Upon a review of the record, this court is constrained to agree that the administrative judge committed procedural error. This necessitates reversal of the administrative judge's orders. The second judge's order of dismissal is voidable and, therefore, declared a nullity, and this court is compelled to remand this case for further proceedings.

{¶ 4} The union filed the instant action on August 31, 2010. On the case designation form, the union acknowledged the case was "related" to one "previously filed," i.e., Case No. CV-621029. The instant case was given Case No. CV-735591, and was assigned pursuant to Loc.R. 15(A)[1] to Judge Jose A. Villanueva.

{¶ 5} The union's complaint against Cleveland in this case alleged that the action was "for declaratory and injunctive relief." Specifically, the union alleged Cleveland violated Section 132 of the city charter by assigning two men, viz., Frank Hargrow and Ken Lewis, to perform the work of construction equipment operators without requiring them to take a "competitive test issued by the Cleveland Civil Service Commission for th[at] classified position * * * ." The union asked the trial court to declare that

---

[1]This section provides that "[a]ll civil cases shall be assigned to a judge through a process either manual or electronic, which ensures a random selection of the judge and preserves the identity of the judge until selected."

Cleveland's practice violated charter Section 132 and to issue an injunction against Cleveland to prevent such practices in the future.

{¶ 6} On November 5, 2010, the city filed a motion to dismiss the complaint in this case. The city addressed the motion to Judge Villanueva, and based it on the assertion that the complaint was "virtually identical" to the one the union filed in CV-621029, which had been "fully litigated," had "resulted in a judgment" for the city, and had been "affirmed by the Eighth District Court of Appeals." The city attached to its motion several exhibits.

{¶ 7} The exhibits included, inter alia, copies of: 1) the complaint in CV-621029; 2) the opinion and judgment entered in that case on October 2, 2009 by Judge Janet R. Burnside; 3) the opinion rendered by this court in *Mun. Const. Equip. Operators' Labor Council v. Cleveland*, Cuyahoga App. No. 94057, 2010-Ohio-5351 ("*Mun. Const. Labor Council I*"); and, 4) portions of Ken Lewis's deposition testimony.

{¶ 8} Contemporaneously with the foregoing motion, the city filed its answer to the complaint and, in addition, a request to transfer CV-735591 to Judge Burnside.

{¶ 9} In its request for a transfer, which, like the other motions, was addressed to Judge Villanueva, the city argued that since Judge Burnside was familiar with the related case, transfer of the instant case was consistent with both the decision in *Brickman & Sons, Inc. v. Nat'l City Bank*, 106 Ohio St.3d 30, 2005-Ohio-3559, 830 N.E.2d 1151, and Loc.R. 15(H).

{¶ 10} In its answer, the city denied the pertinent allegations of the complaint and raised several affirmative defenses. One of the defenses was the doctrine of res judicata.

{¶ 11} On November 10, 2010, the union filed a brief addressed to Judge Villanueva opposing the city's motion to transfer the instant case to Judge Burnside. The union argued that reassignment of the case would violate Sup.R. 36 and Loc.R. 15(H).

{¶ 12} The union further asserted the specific claim in the instant case related to the city's actions in assigning non-civil service employees to operate construction equipment on more than an incidental basis. The union asserted this particular issue had neither been "addressed" by Judge Burnside nor been decided. Two days later, using similar arguments, the union filed a brief in opposition to the city's motion to dismiss the case.

{¶ 13} On January 29, 2011, five months after the union filed its complaint, the administrative judge issued a journal entry ordering the instant case transferred to the docket of Judge Burnside. The journal entry stated that the instant case, CV-735591, was "a related matter to CV-621029 [that was] on [Judge Burnside's] docket * * * ."

{¶ 14} The following day, the union filed a "notice of objection" to the transfer, together with a request to return CV-735591 to Judge Villanueva. The notice was addressed to the administrative judge, Judge Villanueva, and Judge Burnside. The union asserted the transfer violated Sup.R. 36 and Loc.R. 15. The union further asserted the docket of CV-621029 reflected that case was closed. In order to support these assertions,

the union attached several exhibits to its notice.

{¶ 15} The city responded with a brief in opposition. On February 23, 2011, the administrative judge issued a journal entry that denied the union's motion to return CV-735591 to Judge Villanueva, stating that the instant case would remain with Judge Burnside "in the interest of judicial economy."

{¶ 16} On April 8, 2011, the city filed a request for leave to "supplement" its motion to dismiss the instant case. The city argued that the claims the union raised in the instant case were identical to claims the union raised in, by that time, two previous cases, viz., CV-621029 and CV-631240, that both of those cases ultimately had been decided in the city's favor after appeals to this court, and that neither case had been accepted for further review by the Ohio Supreme Court.

{¶ 17} The city relied upon *Mun. Constr. Labor Council I*, and this court's subsequent decision in *Mun. Const. Equip. Operators' Labor Council v. Cleveland Civ. Serv. Comm.*, Cuyahoga App. No. 94605, 2010-Ohio-5849 ("*Mun. Const. Labor Council II*") to assert that the union's claims were barred by the doctrine of res judicata. In support of its assertion, the city attached several exhibits to its "supplement." These included copies of documents related to CV-621029 and CV-631240.

{¶ 18} On April 11, 2011, Judge Burnside issued an opinion and judgment entry in which she granted the city's motion to dismiss the union's complaint. The judge determined the union's claims were barred by the doctrine of res judicata. Judge

Burnside's opinion demonstrates she did not consider the city's "supplement" to its original motion to dismiss.

{¶ 19} In her opinion, Judge Burnside stated that she had considered all the exhibits to the city's original motion "[p]ursuant to Civ.R. 12(B)."[2] The judge further stated that she would treat the city's motion "as one for summary judgment."[3] She observed that neither party had objected to "the evidentiary quality of the other party's submissions included with their filings."

{¶ 20} Judge Burnside found that the material facts were not in "genuine dispute," and that the city was entitled to judgment on the basis of res judicata, but also that there existed "a second basis to dismiss the complaint." The judge stated that the complaint in the instant case differed from the one reviewed in *Mun. Constr. Labor Council I* in only one paragraph, and that, "[f]or all the Court knows, Hargrow and Lewis were competitive [sic] tested under a civil service test *equivalent* to the [Construction Equipment Operators'] examination. Thus seen, the complaint does not allege a violation of the [city's] Charter."

---

[2]Because Civ.R. 12(B) does not list res judicata among the defenses that may be raised in a motion to dismiss the complaint, a defendant's attempt to establish that defense precludes the use of Civ.R. 12(B). *Hillman v. Edwards*, Franklin App. No. 10AP-950, 2011-Ohio-2677, ¶14; cf., *Hammerschmidt v. Wyant Woods Care Ctr.* (Dec. 27, 2000), Summit App. No. 19779 (Carr, J., dissenting).

[3]Civ.R. 12(B) requires that parties "shall be given a reasonable opportunity to present all materials made pertinent" if a motion to dismiss the complaint is converted into a motion for summary judgment because matters are presented "outside [of] the pleadings."

**{¶ 21}** The judge concluded:

**{¶ 22}** "Dismissing the action on this ground would not be a summary judgment adjudication, however. A summary judgment motion decided on legal, not factual issues should be treated as a judgment on the pleadings. [Citation omitted.] The allegations in [the union's] new complaint even if taken as true do not establish, necessarily, a violation of Section 132 of Cleveland's charter * * * ."

**{¶ 23}** Judge Burnside decided that dismissal of the union's complaint was appropriate pursuant to Civ.R. 12(C) "based on the literal language of [the union's] complaint."[4]

**{¶ 24}** The union appeals from the foregoing order and from the administrative judge's earlier two orders. The union presents three assignments of error, as follows.

**{¶ 25} "I. [The administrative judge] for the Cuyahoga County, Ohio Court of Common Pleas, erred in her January 29, 2011 journal entry and order reassigning this case from Judge Villanueva to Judge Burnside. That error includes [the administrative judge's] failure to recognize that (1) there was no related case pending on Judge Burnside's docket which could justify that transfer, and (2) her**

---

[4]Civ.R. 12(C), however, does not provide that a motion for judgment on the pleadings may be converted into a motion for summary judgment. Therefore, a trial court cannot consider materials outside of the pleadings in dismissing a complaint pursuant to Civ.R. 12(C). *C & K Indus. Servs., Inc. v. McIntyre, Kahn & Kruse Co.*, Cuyahoga App. No. 92233, 2009-Ohio-2373, ¶11-12, citing *Inskeep v. Burton*, Champaign App. No. 2007 CA 11, 2008-Ohio-1982, see, also, *Marok v. The Ohio State Univ.*, Franklin App. No. 07AP-921, 2008-Ohio-3170.

**authority to reassign cases is limited by Superintendence Rule 4 and 36 and Rule 15 of the Rules of Practice for the Cuyahoga County Ohio Court of Common Pleas.**

**{¶ 26} "II. [The administrative judge] erred in her February 23, 2011 journal entry and order overruling Appellant's objection to her reassignment of this case to Judge Burnside, and by denying Appellant's Plaintiff's [sic] motion to return this case to Judge Villanueva, who was assigned by lot to hear this case.**

**{¶ 27} "III.  Judge Burnside erred in her April 7, 2011 judgment entry converting Appellee's motion to dismiss to a motion for summary judgment and granting that motion, and finding that dismissal was appropriate pursuant to Civ.R. 12(C)."**

{¶ 28} Since the union's first and second assignments of error are related, they will be addressed together.  The union argues in them that the administrative judge lacked authority to transfer this case from the first judge to the second one; therefore, the administrative judge should have granted the union's motion to return the case to the first judge.   On the facts of this case, this court is constrained to agree.

{¶ 29} Loc.R. 15 provides in relevant part:

{¶ 30} "(H) Pursuant to Civil Rule 42, when actions involving a common question of law and fact *are pending* in this Court, upon motion by any party, the Court may order a joint trial of any or all of the matters in issue; it *may* order all or some of the actions *consolidated*; and, it may make such orders concerning proceedings as may tend to reduce

unnecessary costs or delay. The motion for consolidation *shall be filed in all actions* for which consolidation is sought. *All Judges involved* in the consolidation motion *shall confer* in an effort *to expedite the ruling. The Judge who has the lower or lowest numbered case shall rule on the motion. In the event* that the Judges cannot agree, the motions shall be *referred to the Administrative Judge for ruling.*

{¶ 31} "(I) All cases re-filed with the Clerk's Office *which were dismissed without prejudice* pursuant to Civil Rule 41A on a previous occasion *shall* be immediately assigned to the original docket identified on the case designation form. In the event a case is incorrectly assigned to a judge, *an order transferring a previously filed case or related case* to another judge *must be entered within 120 calendar days from the date of the filing of the new complaint* in the new case." (Emphasis added.)

{¶ 32} In this case, the city addressed its motion for reassignment to the first judge, citing Loc.R. 15(H). That rule, however, contemplates reassignment only for purposes of consolidating currently-active cases. The city acknowledged in its motion seeking reassignment that CV-621029 had been fully litigated and resolved. Judge Burnside retained no further jurisdiction over the proceeding; therefore, Loc.R. 15(H) did not apply. See, e.g., *Hillman v. Edwards*, Franklin App. No. 10AP-950, 2011-Ohio-2677, ¶5.

{¶ 33} Moreover, even if Loc.R. 15(H) applied, that rule sets forth a procedure to follow. The administrative judge did not follow the procedure in issuing her order of

transfer.

{¶ 34} Similarly, Loc.R. 15(I) applies only to those cases that previously were dismissed by the plaintiff without prejudice, and sets forth the requirement that the administrative judge must order the transfer within 120 days of the filing of the complaint.   Neither of the prerequisites was met in the instant case.

{¶ 35} In *Brickman*, the supreme court considered a case in which the original trial judge, after brokering a settlement between the parties, retained jurisdiction to enforce the settlement.   The supreme court held that the transfer of a newly-filed case to the original judge was appropriate by observing at ¶21-26:

{¶ 36} " * * * [T]he [superintendence] rules are also designed to prevent judge-shopping.   Sup.R. 36(B)(1) provides:

{¶ 37} "'The individual assignment system ensures all of the following:

{¶ 38} "'(a) Judicial accountability for the processing of individual cases;

{¶ 39} "'(b) Timely processing of cases through prompt judicial control over cases and the pace of litigation;

{¶ 40} "'(c) Random assignment of cases to judges of the division through an objective and impartial system that ensures the equitable distribution of cases between or among the judges of the division.'

{¶ 41} "When [the newest case] was filed, [plaintiffs'] attorney, * * * certified that this action was *not* related to any pending or previous case.   This certification appears to

have been an attempt to *evade the settlement* reached in that case and memorialized in Judge Coyne's judgment entry by having the case assigned to a new judge with no prior knowledge of the case or of the settlement agreement. This type of conduct is precisely what the Rules of Superintendence seek to prohibit." (Emphasis added.)

{¶ 42} In this case, the city did not rely on only its answer to the union's complaint; rather, the city also filed evidentiary material. Judge Villanueva, however, could have easily resolved the issue of whether the city's defense of res judicata had merit, once both parties had the opportunity to present proper evidentiary materials to him. *Hillman*. Thus, the city sought to steer the case to the judge who previously had ruled in its favor. "This type of conduct is precisely what the Rules of Superintendence seek to prohibit." *Brickman*, at ¶26.

{¶ 43} The goal of "judicial economy" may not be used to trump the applicable rules of court, because doing so leads to the opposite result. Since the administrative judge's orders in this case were unauthorized under Sup.R. 36 and Loc.R. 15, the union's first and second assignments of error are sustained.

{¶ 44} This disposition renders Judge Burnside's decision voidable; it is hereby reversed. *Lungaro v. Lungaro*, Medina App. No. 09CA0024-M, 2009-Ohio-6372; *Wash. Mut. Bank v. Spencer*, Franklin App. No. 05AP-1209, 2006-Ohio-3807. Therefore, the union's third assignment of error is moot. Id.; App.R. 12(A)(1)(c).

{¶ 45} The orders from which the union appeals are reversed, and this case is

remanded for further proceedings consistent with this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KENNETH A. ROCCO, JUDGE

MARY EILEEN KILBANE, A.J., and
EILEEN A. GALLAGHER, J., CONCUR