[Cite as *Marok v. Ohio State Univ.*, 2012-Ohio-6362.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

THEODORE K. MAROK, III

      Plaintiff

      v.

THE OHIO STATE UNIVERSITY

      Defendant

Case No. 2006-06736

Judge Joseph T. Clark
Magistrate Anderson M. Renick

JUDGMENT ENTRY

{¶ 1} On July 25, 2011, this court entered judgment for defendant, The Ohio State University (OSU). On June 12, 2012, the court of appeals reversed the judgment of this court and remanded the case for further proceedings. *Marok v. The Ohio State Univ.,* 10th Dist. No. 11AP-744, 2012-Ohio-2593.

{¶ 2} The facts and procedural history of this case were set forth in the opinion of the court of appeals:

{¶ 3} "Plaintiff filed a complaint 'for monetary damages & injunctive relief,' against defendant. *Marok v. The Ohio State Univ.,* 10th Dist. No. 07AP-921, 2008-Ohio-3170, ¶ 2. According to the complaint, plaintiff was a student at OSU and was pursuing a Bachelor's degree until OSU dismissed him as a student on December 24, 1999. *Id.* After filing an answer to the complaint, OSU filed a motion for judgment on the pleadings, seeking judgment based on the applicable statute of limitations. *Id.* at ¶ 3. OSU later added its assertion that res judicata barred plaintiff's complaint to the extent the complaint could be interpreted to assert a cause of action related to certain student loans OSU administered. *Id.* at ¶ 5.

{¶ 4} "On October 3, 2007, the Court of Claims granted OSU's motion for judgment on the pleadings, concluding either the statute of limitations, res judicata, or both barred plaintiff's claims. *Id.* at ¶ 7. Plaintiff appealed, assigning nine errors, the first two of which asserted the court erred in granting OSU judgment on the pleadings based on the statute of limitations and res judicata. We agreed, reversed the judgment of the Court of Claims, and remanded for further proceedings. *Id.* at ¶ 14.

{¶ 5} "On remand, the Court of Claims ordered the trial bifurcated, with the liability phase of the trial scheduled for November 2 and 3, 2009. The liability trial began before a magistrate as scheduled, and the magistrate issued a decision on May 3, 2011, recommending judgment for OSU.

{¶ 6} "On May 17, 2011, plaintiff filed five motions in the Court of Claims, only one of which is significant to resolving this appeal: a motion regarding alternative technology under Civ.R. 53. Plaintiff's motion sought to have the court use its own video and audio recordings of the trial before the magistrate, as opposed to a written transcript of the proceedings, to review plaintiff's objections to the magistrate's decision. On May 19, 2011, the Court of Claims filed an entry denying as moot plaintiff's first four motions. As to his Civ.R. 53 motion, the court stated that '[p]laintiff's motion for leave to view the court's recording of the trial is GRANTED, such that plaintiff may view the recording at the court.' (Emphasis sic.)

{¶ 7} "Plaintiff followed his May 17 motion regarding alternative technology with a June 15, 2011 'Affidavit of the Evidence.' In it, he asked the court 'to accept the attached <u>Affidavit of the Evidence</u> to complete its review of the magistrate's recommendations as this court has already granted leave to use alternative technology

or manner of reviewing the relevant evidence.' (Emphasis sic.) Attached to the June 15 motion is plaintiff's certification stating plaintiff took part in the liability trial, '[t]he court of claims recordings and evidence are held safe by the clerk of courts, [and] they are true to the best of my knowledge.'

{¶ 8} "In reviewing plaintiff's objections to the magistrate's decision, the Court of Claims specifically observed 'that plaintiff has not filed a transcript of the proceedings held before the magistrate in support of such objections.' (Judgment Entry, 2.) The court further noted that 'the recording referred to in plaintiff's affidavit is not a transcript of proceedings pursuant to Civ.R. 53(D)(3)(b)(iii).' (Judgment Entry, 2.) It likewise pointed out that, 'although Civ.R. 53(D)(3)(b)(iii) allows a party to submit an affidavit of evidence in lieu of a transcript where the transcript of proceedings is 'not available,' plaintiff has made no showing of unavailability.' (Judgment Entry, 3.) Because plaintiff provided the court with neither a transcript of all the evidence nor an affidavit, the court limited its review 'to the four corners of the magistrate's decision and to whether the magistrate erred as a matter of law.' (Judgment Entry, 3.)

{¶ 9} "Based on its review of the magistrate's decision, the Court of Claims concluded the statute of limitations barred plaintiff's contract claim, the doctrine of res judicata barred plaintiff's claims regarding his student loans, the doctrine of economic loss barred recovery based on his theory of negligence, and the existence of contracts between the parties precluded his claim of unjust enrichment. Accordingly, the Court of Claims entered judgment for OSU." *Marok, supra,* 2012-Ohio-2593, ¶ 2-8.

{¶ 10} The court of appeals remanded the case to this court with the following instructions: "In light of the central role the magistrate's factual findings served in the Court of Claims' decision to overrule plaintiff's objections, we are compelled to

reverse the judgment of the Court of Claims, and remand this matter to that court. On remand, the Court of Claims should reconsider plaintiff's motion, determine whether it will grant plaintiff leave to have the court use the court's recordings in lieu of a transcript, and then resolve the objections accordingly." *Id.* at ¶ 14.

{¶ 11} In accordance with the order of remand, the court has considered anew, plaintiff's motion seeking leave for the court to consider alternative technology in reviewing the evidence. Plaintiff's motion provides in relevant part: "Pursuant to Civ.R.53, Now comes Plaintiff Theodore Keith Marok III hereby requests this Honorable Court to grant leave for this court to use its own video and audio recordings to review the trial. For the following reason: Due to the length it took to render a Magistrate decision the transcripts for the trial needs to be un archived from its files it will take some time to receive a copy of the transcripts and to file a copy with this court. **For the forgoing reasons the plaintiff requests this Honorable Court to grant the Plaintiff Leave for this court to use its own video and audio recordings to review the trial and the Magistrate Decision.**" (Original emphasis.)

{¶ 12} The court notes that the transcript of proceedings was made part of the record on appeal and it is now available to this court. Consequently, plaintiff's argument in support of his motion for leave is moot. Nevertheless, in an abundance of caution, and in an effort to fully comply with the order of the court of appeals, plaintiff's motion is GRANTED. The court shall refer to its own recordings on Digital Video Disk in ruling upon plaintiff's objections.

{¶ 13} Based upon the court's independent review of both the transcript and the DVD recordings, the court finds that plaintiff's claims in this matter arise either out of his student contract or the statutory provisions governing personal information systems.

{¶ 14} As noted above, the magistrate recommended judgment in favor of defendant as to each of plaintiff's claims because plaintiff failed to file his complaint within two years of the transaction or occurrence giving rise to such claims. In adopting the magistrate's decision, the court agreed with the magistrate's legal conclusions regarding the applicability of both the discovery rule and the rule of continuing violations. However, due to the lack of a transcript, the court did not consider plaintiff's challenge to the magistrate's factual findings.

{¶ 15} In this regard, plaintiff claims that his cause of action upon the contract did not accrue on February 29, 2002, as was the magistrate's determination. The decision relied largely upon the testimony of Deborah Terry, who was employed by the OSU Bursar's office, and the documents referred to by Terry during her testimony. The court has reviewed such testimony and, based thereon, the court agrees with the magistrate's finding. Indeed, plaintiff's claim that Terry's testimony was inconsistent, contradictory and lacking credibility is simply not supported by the evidence.

{¶ 16} Accordingly, plaintiff's objections shall be overruled as they relate to Terry's testimony and to the magistrate's factual findings based upon such testimony.

{¶ 17} Plaintiff also objects to the magistrate's findings relating to his claims brought pursuant to Chapter 1347 of the Revised Code. Specifically, plaintiff claims that the magistrate ignored evidence tending to show that, as late as 2005, OSU failed or refused to provide him with copies of his personal information. The court has reviewed the transcript and DVD recording and makes the following determination:

{¶ 18} In a letter dated March 28, 2005, plaintiff complains that documentation regarding his student debt has not been forwarded to him per his numerous requests. In a subsequent letter dated April 25, 2005, plaintiff seeks to negotiate his student debt and, in this context, he requests copies of promissory notes, loan applications and payment records. Although both letters reference telephone conversations plaintiff allegedly had with unidentified OSU employees, neither of the letters is addressed to any particular employee or department at OSU.

{¶ 19} Plaintiff claims that OSU violated Chapter 1347 of the Revised Code both by failing to provide him with all documents related to OSU's collection efforts, and by failing to forward copies of his academic records to Bowling Green State University (BGSU) upon his request.

{¶ 20} R.C. 1347.08, entitled "Rights of subject of personal information," provides in relevant part:

{¶ 21} "(A) Every state or local agency that maintains a personal information system, upon the request and the proper identification of any person who is the subject of personal information in the system, shall:

{¶ 22} "* * *

{¶ 23} "(2) Except as provided in divisions (C) and (E)(2) of this section, permit the person, the person's legal guardian, or an attorney who presents a signed written authorization made by the person, to inspect all personal information in the system of which the person is the subject * * *."

{¶ 24} R.C. 1347.10 imposes civil liability for violations as follows:

**{¶ 25}** "(A) A person who is harmed by the use of personal information that relates to him and that is maintained in a personal information system may recover damages in civil action from any person who directly and proximately caused the harm by doing any of the following:

**{¶ 26}** "* * *

**{¶ 27}** "(4) Intentionally denying to the person the right to inspect and dispute the personal information at a time when inspection or correction might have prevented the harm.

**{¶ 28}** "An action under this division shall be brought within two years after the cause of action accrued *or within six months after the wrongdoing is discovered, whichever is later; provided that no action shall be brought later than six years after the cause of action accrued. The cause of action accrues at the time that the wrongdoing occurs."* (Emphasis added.)

**{¶ 29}** The evidence supports the magistrate's conclusions that the conduct complained of by plaintiff occurred more than two years prior to the date when plaintiff filed his complaint in this court. In fact, plaintiff's correspondence specifically state that he had been trying to resolve his OSU debt for the past five years. Plaintiff's own testimony establishes that his efforts to matriculate at BGSU occurred in 2003. Moreover, there is insufficient evidence to support a finding that OSU intentionally denied plaintiff his right to inspect, dispute or make copies of any information in his OSU records. The statute does not obligate OSU to send plaintiff copies of all of his records simply because plaintiff makes a written request. Rather, the statute requires OSU to make such records available to plaintiff for inspection and permits plaintiff both to receive copies of documents and dispute information contained in such documents.

{¶ 30} Plaintiff next contends that the magistrate erred in failing to find that OSU wrongfully refused to forward a copy of his official academic transcript to BGSU. More particularly, plaintiff claims that OSU's policy of placing a "hold" on the transcripts of students with delinquent accounts violates Chapter 1347 of the Revised Code. Again, the evidence does not show that OSU failed or refused to permit plaintiff to inspect academic records contained in OSU's personal information system and then provide him with copies. Rather, the evidence demonstrates that OSU simply refused to forward a copy of his official OSU transcript to BGSU without first receiving payment from plaintiff of his student debt. Indeed, plaintiff testified that he entered into an oral agreement with OSU in 2003, whereby OSU promised to release his academic records to BGSU in return for his promise to begin making payments on his delinquent account. Although plaintiff now complains that OSU failed to release his records, he failed to prove or even allege that he made the payments as agreed.

{¶ 31} In short, upon review of the transcript of proceedings, the DVD recordings and the other evidence admitted in the trial, the court finds that the magistrate correctly determined the date when plaintiff's claims accrued and correctly concluded that each of his claims for relief was barred by the R.C. 2743.16. Furthermore, to the extent that plaintiff has alleged a claim for relief under R.C. 1347.10(A)(4), the evidence does not show a violation by OSU within the limitations period prescribed therein. Accordingly, plaintiff's objections regarding the timeliness of his claims shall be overruled.

{¶ 32} To the extent that plaintiff's objections challenge the magistrate's application of the doctrine of res judicata in concluding that plaintiff was barred from litigating claims in this court that could or should have been raised in the Franklin

County Municipal Court, this court has previously determined that the magistrate made no error of law. Furthermore, a review of the evidence presented to the magistrate confirms the magistrate's factual finding regarding the subject matter of the claims asserted by the parties to the municipal court action and the judgment entered thereon. Thus, the facts support the application of the doctrine as a bar to plaintiff's claims in this case. Moreover, as stated above, even if plaintiff's claims were not barred by res judicata, such claims were subsequently barred by the applicable statute of limitations. Accordingly, plaintiff's objection in this regard shall be overruled.

**{¶ 33}** Plaintiff's objection to the magistrate's conclusion regarding his claim for unjust enrichment are also without merit as there is no evidence to support a finding of fraud, bad faith or other illegality which would permit an equitable claim for relief in lieu of plaintiff's claim upon the contract. *See Aultman Hosp. Assn. v. Community Mut. Ins. Co.*, 46 Ohio St.3d 51, 55 (1989).

**{¶ 34}** Upon review of the record, the magistrate's decision and the objections, the court finds that the magistrate has properly determined the factual issues and appropriately applied the law. Therefore, the objections are OVERRULED and the court adopts the magistrate's decision and recommendation as its own, including findings of fact and conclusions of law contained therein. Judgment is rendered in favor of defendant. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
JOSEPH T. CLARK
Judge

cc:

Douglas R. Folkert
Assistant Attorney General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

Theodore K. Marok, III
4146 Lyman Avenue
Toledo, Ohio 43612

006
Filed December 4, 2012
To S.C. Reporter March 22, 2013